**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| **Plaintiff,** | * |
| v. | Case No.: GJH-17-102 |
| | * |
| **OLUBODE AKINBOLUSIRE,** | |
| | * |
| **Defendant.** | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Defendant Olubode Akinbolusire is currently serving a sentence of 30 months of incarceration at FCI Butner in North Carolina after pleading guilty to Access Device Fraud and Aggravated Identity Theft. ECF No. 52. Pending before the Court is Mr. Akinbolusire's Motion for Compassionate Release Due to COVID-19 Pandemic. ECF Nos. 80 and 85. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Akinbolusire's Motion is granted.

**I.   BACKGROUND**

On February 22, 2017, the Grand Jury returned an Indictment in this Court charging Mr. Akinbolusire with Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. ECF No. 1. Defendant pleaded guilty to both counts on June 18, 2018. ECF Nos. 37. Attached to the plea agreement was a statement of stipulated facts describing the conduct to which Mr. Akinbolusire pleaded guilty. ECF No. 38-1.

The stipulation states that, between at least June 2014 and September 2014, the Defendant used credit cards and gift cards that had been re-encoded with stolen credit or debit

card numbers in order to purchase items at Army and Air Force Exchange Services stores on military installations in the greater Washington, D.C. metropolitan area. In total, he conducted over 150 fraudulent transactions totaling $130,000. He most frequently purchased Vanilla Visa gifts cards in $100 or $500 amounts and electronic items, such as video game systems like PlayStation 4 and their accessories. During a search of his residence and vehicles, law enforcement located a number of re-encoded credit cards and/or gift cards, $17,850 in currency, and 127 gift cards with a total value of $34,394. ECF No. 38-1.

Defendant's sentencing hearing was held on August 23, 2019. ECF No. 50. Based on an offense level of 14 and Defendant's criminal history score placing him in criminal history category I, the Court determined that Defendant's advisory sentencing guidelines range for Count 1 was 15 – 21 months; additionally, under law, the Court was required to impose a consecutive mandatory sentence of 24 months for Count 2. ECF No. 52 at 1. The Court sentenced Defendant to a total of 30 months incarceration, consisting of 6 months on Count 1 followed by the mandatory 24 months on Count 2. ECF No. 52 at 2. The Court additionally imposed a three year term of supervised release. ECF No. 52 at 3.

On July 7, 2020, Defendant filed a pro-se Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing his vulnerability to COVID-19 due to several medical conditions. ECF No. 80. On November 3, 2020, a supplemental Motion was filed by a court-appointed attorney. ECF No. 85. The Government filed an Opposition on November 24, 2020, ECF No. 88. Defendant filed a Reply on December 3, 2020. ECF No. 90.[1]

---

[1] Defendant's Motion and Reply are filed under seal with accompanying Motions to Seal, which are granted. ECF Nos. 86 and 89.

**II.    DISCUSSION**

Asserting that he is at serious risk of becoming severely ill from COVID-19 due to his preexisting medical conditions, Mr. Akinbolusire moves for a reduction in his sentence for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 80. The Court reviews the framework applicable to Defendant's request before assessing whether Defendant has satisfied its requirements.

**A.  Governing Provisions**

Recently modified by Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5238 (2018), 18 U.S.C. § 3582(c) bars courts from modifying terms of imprisonment once imposed unless certain conditions are met. *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). In relevant part, § 3582(c)(1)(A) provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1).

A complementary provision, 28 U.S.C. § 994(t), provides that the U.S. Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered

3

extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See United States v. Decator*, No. CCB-95-0202, 2020 WL 1676219, at *2 (D. Md. Apr. 6, 2020). The Commission has provided this description at § 1B1.13 of the U.S. Sentencing Guidelines, which states in relevant part that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> . . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Application Note 1 to § 1B1.13 further details the Commission's understanding of "extraordinary and compelling reasons," which includes if a defendant has been diagnosed with a terminal illness or other serious physical or medical condition, is above the age of 65 and is in deteriorating health due to aging, has experienced certain extenuating family circumstances, or if "[o]ther [r]easons" arise that have been "determined by the Director of the Bureau of Prisons" to be "extraordinary and compelling reason[s] other than, or in combination with, the reasons described" in the Policy Statement. U.S.S.G. § 1B1.13 cmt. n.1(D). The Bureau of Prisons ("BOP") has offered its determination in a Program Statement numbered 5050.50 and titled

"Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)."[2]

Judges in this district and elsewhere have found, however, that § 1B1.13 and its Application Note are inconsistent with the First Step Act. As Judge Chuang of this Court recently explained in *United States v. Mel*, while § 1B1.13 "identifies certain specific scenarios under which a sentence reduction could be warranted, it nevertheless permits a reduction based only on meeting the broad category of 'extraordinary and compelling reasons'" as determined by BOP. No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(D)). Judge Chuang reasoned, however, that "[s]ince the First Step Act changes the law to allow a compassionate release reduction to be granted by the Court without input from the BOP, the pre-First Step Act references in the policy statement to determinations by the BOP are outdated and not binding." *Id.* Similarly, in *United States v. Decator*, Judge Blake held that "[w]hile Sentencing Commission and BOP criteria remain helpful guidance, the amended § 3582(c)(1)(A)(i) vests courts with independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." 2020 WL 1676219 at *2 (reaching this conclusion after a careful review of the relevant provisions and recent case law).

This Court recently found that these analyses are persuasive and therefore adopted the same conclusions. *See United States v. Lazarte*, No. GJH-16-296, 2020 WL 3791977, at *3 (D. Md. July 7, 2020). Accordingly, the Court's consideration of sentence reduction motions follows the three steps established by § 3582(c)(1)(A) as modified by the First Step Act. First, assuming the defendant has exhausted administrative remedies, the Court considers whether a reduction is

---

[2] The Program Statement, issued January 17, 2019, is available at
https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited July 28, 2020).

warranted for extraordinary and compelling reasons, the meaning of which is a matter of the Court's "independent discretion." *Decator*, 2020 WL 1676219, at *2.

Next, the Court assesses whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable Policy Statement remains § 1B1.13, despite its partial nullification as a result of the First Step Act. Accordingly, pursuant to the Policy Statement, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;"[3] that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. Finally, § 3582(c)(1)(A) provides that after considering the Policy Statement, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."

### B. Exhaustion of Administrative Remedies

As noted previously, § 3582(c)(1)(A) requires that a defendant seeking a modification of a term of imprisonment "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant filed a request for compassionate release with the Warden and his request was denied. ECF No. 85-4. Therefore, he has exhausted his administrative rights.

---

[3] A provision of the Policy Statement not at issue here, § 1B1.13(1)(B), provides an alternative to finding extraordinary and compelling reasons under § 1B1.13(1)(A) for Defendants who are at least 70 years old and have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c).

### C. Extraordinary and Compelling Reasons

The Court next considers whether Mr. Akinbolusire has sufficiently demonstrated extraordinary and compelling reasons warranting a reduction of his sentence. Mr. Akinbolusire asserts that he has diabetes and hypertension, which are both considered risk factors for COVID-19. ECF No. 85 at 11. These assertions are confirmed by his Pre-Sentence Report, which specifically notes that he was admitted to a hospital in July 2006 suffering from abnormal thirst and rapid weight loss and was diagnosed with Diabetes Mellitus Type I. ECF No. 42 at 14.

The Government notes that the prison where Defendant is housed had only one inmate and three staff members with COVID-19 at the time of the filing of its opposition. ECF No. 88 at 7-8. Back in March or April, when this issue first arose, that factor may have compelled the Court to find that circumstances were not extraordinary and compelling. Time has taught us, however, that low incidence of COVID-19 in any particular location at a given time can provide little more than a false sense of security and that numbers can rise swiftly and without prior warning. And despite the best efforts of the Bureau of Prisons, the very nature of prisons make them an almost perfect incubator for a contagious virus.  In sum, given Mr. Akinbolusire's health conditions and the continued spread of COVID-19, particularly in the prison system, the Court concludes that Defendant has shown extraordinary and compelling reasons warranting a sentence reduction.

### D. Additional Considerations

Having found that Mr. Akinbolusire has demonstrated extraordinary and compelling reasons for release, the Court next considers whether release is appropriate under the Sentencing Commission's Policy Statement at § 1B1.13 and the 18 U.S.C. § 3553(a) sentencing factors.

7

As noted previously, the Policy Statement directs that, to proceed with a sentence reduction, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;" that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. To determine whether a defendant is a danger under § 3142(g), courts consider the (1) "nature and circumstances of the offense charged"; (2) "weight of the evidence against the person"; (3) "history and characteristics of the person"; and (4) "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). Here, the Government raises no argument that Mr. Akinbolusire is a danger to the community and the Court sees no such indication in his record. The offense for which he is currently serving a sentence is a non-violent offense and his only prior conviction involving violence was a misdemeanor simple assault. ECF No. 42 at 11. Thus, the Court finds that Mr. Akinbolusire is not a danger to the community.

With respect to the sentencing factors, § 3553(a)(1), "the nature and circumstances of the offense and the history and characteristics of the defendant," and § 3553(a)(2), "the need for the sentence imposed" to further several purposes, are relevant in weighing compassionate release motions. *See United States v. Williams*, No. 19-cr-284-PWG, 2020 WL 3447757, at *5 (D. Md. June 24, 2020). The purposes listed in § 3553(a)(2) include "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

After considering the § 3553(a) factors, the Court concludes that compassionate release is appropriate. Defendant's prior criminal history is minimal, consisting only of the misdemeanor assault and two driving-related convictions. ECF No. 42 at 10-11. The offense committed was a significant and repeated identity theft offense; but, Mr. Akinbolusire has now been incarcerated for over a year of his 30-month sentence. And incarceration during the time of COVID-19 is both more restrictive and frightening than what the Court contemplated at the time of sentencing. To the extent the Court does maintain some concern regarding the fact that Defendant has served less than half of his sentence, this concern can be rectified by an extended period of home detention.

Accordingly, the Court will grant Defendant's Motion and reduce Mr. Akinbolusire's sentence to time served plus 14 days. His conditions of supervised release shall be amended to include a one-year period of 24-hour home detention, where Mr. Akinbolusire will only be permitted to leave his residence, with the pre-approval of his supervising officer, for employment, medical treatment and visits with his attorney. The 14-day period is included so that Mr. Akinbolusire can remain in quarantine at his current facility before he is released.

### III. CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C § 3582(c)(1)(A)(i), ECF Nos 80, 85, is **GRANTED**. A separate Order is attached.

Date: <u>December   24, 2020</u>                              <u>   /s/                                   </u>
                                                                          GEORGE J. HAZEL
                                                                            United States District Judge